FRANK D. DUFFIELD, Appellant, *v.* FRANKLIN LUMBER COMPANY, Respondent.

First Department, February 13, 1931.

*Abraham J. Multer* of counsel [*Multer & Multer*, attorneys], for the appellant.

*William H. Yaeger* of counsel [*Louis Joseph* with him on the brief; *L. & I. J. Joseph*, attorneys], for the respondent.

McAvoy, J. The Special Term vacated and set aside an order made the 3d day of July, 1930, and also set aside a judgment in favor of the plaintiff entered July 8, 1930, pursuant to the aforesaid order.

The order which was vacated was entered following another order dated April 23, 1930, which had been unanimously affirmed by this court May 23, 1930. (229 App. Div. 777.)

The defendant here was adjudged guilty of a contempt of court for willful disobedience of a subpœna and a *subpœna duces tecum*, and for interfering with plaintiff's right to an examination of the defendant before trial. A fine was imposed by the order of April 23, 1930, because of the bad faith of the defendant, its officers and attorneys.

An application was made at that time to strike out defendant's answer for its failure to comply with the order for examination and *subpœna duces tecum* issued in connection therewith.

At that time, however, the court did not strike out the answer but gave the defendant an opportunity to purge itself of contempt and provided in the order that upon proof of failure of defendant to comply in good faith and promptly with any of the provisions of the order, its answer should be stricken out without further notice.

The order further directed defendant to submit its secretary for examination before trial and to permit plaintiff's attorneys and their accountants to inspect the books of account of defendant, to enable them to prepare a statement of the commissions earned by the plaintiff.

In the action here, plaintiff seeks to recover commissions as a salesman under a contract of employment with the defendant.

Proof was made in July, 1930, by the transcript of the testimony of defendant's examination before trial of the defendant's failure to comply with the order, whereby it had been permitted to purge itself of its contempt. An order was then made, without notice, on July 3, 1930, directing that defendant's answer be stricken out and judgment entered in favor of the plaintiff against the defendant.

Judgment was entered under this order on July 8, 1930. Defendant moved to vacate both the order and the judgment and this motion was granted.

We think that the order should be reversed because we find

plaintiff's proof of defendant's misconduct was sufficient upon which to base the order of July 3, 1930, and that proof was not rebutted by defendant's affidavits excusing its failure to comply with the directions of the original order.

The original adjudication of contempt was based upon defendant's failure to appear for examination before trial and for its failure to produce its books and records. That order permitted defendant to relieve itself of punishment for contempt by submitting to further examination and by producing its books and records, and directed that such production of its books must be made in good faith and promptly carried out.

The proof showed on behalf of the appellant that there were very many records which defendant never at any time submitted for inspection, which failure of production constituted a disobedience of the order of April 23, 1930.

This court having affirmed the final order in May, 1930, the defendant was directed then to submit to the court promptly and in good faith the papers which it had been determined it was withholding in violation of the original order for examination and inspection, and the order contained the direction that upon proof being submitted to the court that defendant was continuing its contemptuous conduct, the remedy of striking out its answer without notice was to be afforded to the plaintiff.

The order now on appeal was improvidently granted, as the court at Special Term had no right to review the original order, since defendant failed to show any state of facts contrary to the proof which resulted in the *ex parte* order. There was no power in the court to substitute a new order and hear over again the same excuses which were held invalid at the time of the adjudication of contempt.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and defendant's motion denied, with ten dollars costs, and the order entered the 3d day of July, 1930, and the judgment entered pursuant thereto on the 8th day of July, 1930, should be reinstated.

DOWLING, P. J., MERRELL, FINCH and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and the order entered July 3, 1930, and the judgment entered pursuant thereto on July 8, 1930, reinstated.